**Louis TORZILLO, Plaintiff,**

v.

**Hon. Judge Sidney GOLDMANN, Hon. Judge Freund and Hon. Judge Haneman, Defendants.**

Civ. A. No. 557–60.

United States District Court
D. New Jersey.

Jan. 13, 1961.

Louis Torzillo, plaintiff, on the brief pro se. No oral argument.

David D. Furman, Trenton, N. J., Theodore I. Botter, Union City, N. J., for defendants.

MEANEY, District Judge.

This is a motion for summary judgment in their favor made by the defendants, and for a dismissal of the action. The plaintiff herein has filed suit for damages for an alleged invasion and violation of his civil rights by the defendants. Certain facts must be set forth preliminarily in order to explain the background of the case and the basis of the claim urged by the plaintiff.

In July 1954 four indictments were returned against the plaintiff by the Grand Jury in and for Mercer County, N. J., charging him with breaking and entering, larceny and receiving stolen goods. After entering a plea of not guilty to all four indictments, plaintiff went to trial before a jury on one indictment. In the course of the trial plaintiff, through an attorney of his own choice, withdrew his pleas of not guilty to the indictment upon which he was being tried and to the three others, entering instead a plea of *non vult*. Subsequently he was sentenced to the State Prison for terms of five to seven years on each indictment, the sentences in two indictments to run consecutively and on the other two to run concurrently with each other and with the sentence imposed on one of the other two indictments.

Some years later (from the file the exact date does not appear) the plaintiff moved the Mercer County Court to set aside his conviction and to permit him to withdraw his pleas of *non vult* to the three indictments. This motion was summarily denied. Thereupon the plaintiff appealed to the Appellate Division

which reversed the lower court and remanded the matter for a full hearing.

The County Court after the remand held a hearing and denied plaintiff's petition for permission to withdraw his pleas of *non vult*. Plaintiff appealed this decision to the Appellate Division, notice of appeal being filed May 18, 1959. On January 27, 1960 the plaintiff as attorney pro se filed a brief and appendix. The defendants' brief and appendix were filed on March 25, 1960. The briefs and appendices were forwarded to the judges constituting Part A of the Appellate Division (defendants herein) who were scheduled to consider the appeal on April 25, 1960.

Plaintiff alleges that on March 14, 1960 he forwarded to the Appellate Division a letter stating that one Frederick Martin had all of his legal papers and intends to file his appearance to represent plaintiff at the "oral argument" of his appeal. In an affidavit filed in the present case the deputy clerk swore that the letter allegedly sent to the Appellate Division and bearing the salutation "Dear Mr. Warwick" was never received either by the Appellate Division or by him. Whether this be so or not, the record submitted shows that the first communication with reference to the appearance of Frederick Martin as attorney for plaintiff consisted of a letter dated April 26, 1960, sent by Mr. Martin to the Clerk of the Superior Court, Appellate Division, announcing that he had been retained on behalf of Louis Torzillo and requesting entry of his name on the record as representing Mr. Torzillo, and asking that he be advised of the date set for argument. To this letter the deputy clerk replied that the matter had been considered by the court without oral argument, as was the usual course where the appellant was not represented by counsel.

It would appear that subsequent to this notice to Mr. Martin neither Mr. Martin nor the plaintiff herein took any further steps in the matter, neither by way of requesting reconsideration of the appeal by the court nor by requesting reopening of the determination of the court for the purpose of oral argument. There has been no appeal taken nor any steps toward accomplishing an appeal.

The plaintiff bases his action on the Civil Rights Act, 42 U.S.C.A. § 1983, asserting that he was denied counsel of his own choice in prosecution of his appeal inasmuch as said counsel was not given an opportunity to argue orally at the time set for consideration of the appeal of plaintiff from the ruling of the County Court. Thus the basis of his claim would seem to be his contention that a right to oral argument before an appeal tribunal is a constitutional right. It is the opinion of this court that no such constitutional right exists. It has been held by the Supreme Court of the United States that "Oral argument on appeal is not an essential ingredient of due process * * *" Price v. Johnston, 1948, 334 U.S. 266, 286, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356. The inference to be drawn from the rationale of that case is that oral argument is discretionary and not a matter of absolute right. In the instant case, briefs and appendices from both parties in the appeal were before the Appellate Court at the time set for consideration. It was not until a subsequent date that the application by counsel was made for notice of date of hearing. Upon receipt of word to the effect that the appeal had been considered on briefs and appendices, no further steps were taken, as above set forth, by plaintiff or his counsel to remedy the situation. What action the Appellate Division might have taken, if the matter was brought to its attention, is speculative. Nor may we know what a perfected appeal to the Supreme Court might have effected. Whatever might have resulted from such procedure is immaterial, though the failure of plaintiff to take or cause to be taken such steps may be the ground for fruitful second thoughts. This court is satisfied that the Appellate Division acted with full recognition of the plaintiff's constitutional rights and duly observed them. Under the circumstances any other finding would be pro-

vocative of a plethora of farfetched suits cluttering up the courts, already beset with the pseudo-ingenious attempts of convicted persons aided and abetted by "jail house lawyers" to distort the strong protections against judicial tyranny and perverted practices afforded by law to the innocent.

In view of the foregoing finding that no federal constitutional right of the plaintiff was violated, there would seem no need to discuss the question of the immunity of the judiciary, even though this court feels strongly that in the instant case such immunity exists.

The motion for summary judgment in favor of defendants and for dismissal of the instant action is granted.

Let an order be submitted.